# THE SUPREME COURT

#### OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1882.

[No. 1,088.]

## C. E. ABBOTT ET AL., APPELLANTS, v. A. PRIMEAUX, RESPONDENT.

EJECTMENT—PATENT TO SURFACE GROUND OF MINING CLAIM—WHEN NON-SUIT SHOULD NOT BE GRANTED.—Plaintiff claimed title to a town lot under a patent issued for a mining claim embracing the land in controversy. The court granted a nonsuit upon the ground that it had not been alleged or proven that plaintiff required said land or-had any use for the same in the working of the mining claim: *Held*, that the patent made out a *prima facie* case for the plaintiff, and that the court erred in granting a nonsuit.

APPEAL from the District Court of the Seventh Judicial District, Elko County.

The facts sufficiently appear in the opinion.

*R. R. Bigelow* and *G. F. Talbot*, for Appellants:

I. The plaintiffs having shown a patent title from the United States, instead of being nonsuited, were entitled to a judgment in their favor. The plaintiffs were not called on to show that they required said ground, or had any use for the same in working their mining claim. They showed an absolute title to it, and were entitled to its possession, without regard to what use they might put it to afterwards.

A patent imparts absolute verity, only to be questioned in a direct proceeding against it. (*Leese* v. *Clark*, 18 Cal. 573; *Doll* v. *Meador*, 16 Id. 323; *The Eureka case*, 4 Saw. 319.) Producing a patent makes out a *prima facie* case. (*Smith* v. *Athern*, 34 Cal. 511.) A patent conveys the fee to the soil with all its incidents and appurtenances. (*Van Sickle* v. *Haines*, 7 Nev. 249, 261, 283.) And entitles the holder of it to the possession of the land. (*Bagnell* v. *Broderick*, 13 Pet. 450; *Gibson* v. *Chouteau*, 13 Wall. 102; *Moore* v. *Smaw*, 17 Cal. 199, 224, 226.) The grant itself is evidence that every prerequisite to its issuance had been performed. (*Patterson* v. *Winn*, 11 Wheat. 383; *Doll* v. *Meador*, 16 Cal. 325; 3 Wash. Real Property, 193.)

II. The defendant had shown no title to the premises, nor any interest therein that would authorize him to call the true title to his aid, if plaintiffs did not have it. He must do this before he can be permitted to question the patent held by plaintiffs. (*People* v. *Stratton*, 25 Cal. 251; *Doll* v. *Meador*, 16 Id. 324; *Dodge* v. *Perez*, 2 Saw. 654.)

*A. W. Fisk*, for Respondent:

I. The common law doctrine, that he who possesses the surface of the earth owns all to the center of the earth, is greatly modified as to the rights of miners and others on the public lands. One may be entitled to the occupancy of the surface, another to the veins of mineral running under the said land. (*Bullion M. Co.* v. *Crœsus G. & S. M. Co.*, 2 Nev. 168.)

II. The laws of this state do not recognize the surface ground of a mine as property, *i. e.*, property subject to taxation. (Stat. 1865, 271, sec. 4.)

III. The mine owner is only entitled to the surface ground for working purposes of his mine. The cases cited by the appellant do not apply. They are all in relation to land taken up either for agricultural or town-site purposes.

By the Court, BELKNAP, J.:

In an action of ejectment for a lot of land in the town of Tuscarora, in Elko county, in which the answer admitted

the possession of the defendant, plaintiffs' evidence showed that they deraigned title through a patent issued to their predecessor in interest by the government of the United States for a mining claim embracing the premises in controversy.

Thereupon plaintiffs rested their case, and the court, upon defendant's motion, nonsuited plaintiffs for the reason "that the evidence showed the ground in dispute to be the surface ground of a mining claim, and that it had not been alleged or proven that the plaintiffs required said ground, or had any use for the same in the working of said mining claim."

From this order and judgment of nonsuit the appeal is taken.

The patent contains no reservation or qualification whatever, but unconditionally conveys the premises to the predecessor in interest of plaintiffs. The title thus presented in connection with the defendant's admitted possession, made a *prima facie* case for plaintiffs. Whatever bearing the question of the necessity of the use of the ground by plaintiffs for the purpose of working their mining claim may have had upon the controversy, depended upon the nature and character of defendant's claim to the premises.

Upon the facts before the district court at the hearing of the motion for nonsuit, it did not appear what the nature of defendant's claim was, whether he had a legal or equitable, or any title, or that he was not a mere trespasser.

Judgment reversed.